IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

FILED
OCT 1 2 2007
U.S. COURT OF FEDERAL CLAIMS

ERACENT, INC.

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

CASE NUMBER 07-724 C

JUDGE:

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, ERACENT, INC. ("Eracent"), moves this Court pursuant to Rules 65(a) and 65(b) of the Rules of the U.S. Court of Federal Claims ("Rules") for a preliminary injunction enjoining Defendants, their officers, agents, employees and representatives from continuing with performance of Modification Number P00008 under DLT Solutions, Inc.'s ("DLT's") Contract Number NN00104-04-F-Q514 issued as a Delivery Order under DLT's General Services Administration ("GSA") Federal Supply Schedule ("FSS") Contract Number GS-35F-4543G, pending a hearing on the merits and final disposition of this action, or until further order of the Court. As additional grounds for this Motion, and as set forth more fully in the accompanying Complaint, Declarations, and Memorandum in Support of this Application and Motion, Plaintiff states as follows:

1. On September 28, 2007, the U.S. Navy (the "Navy") issued Modification Number P00008 to Delivery Order Number N00104-04-F-Q514 exercising optional line item 0005AA for (i) a Navy-wide perpetual use Enterprise Agreement license to BDNA's

Inventory Application, and (ii) one-year of Navy-wide maintenance support. Modification No. P00008 is priced at $1.26 million but does not assign a specific price to the software and software maintenance purchased through the modification.

2. As of the date of Modification No. P00008, the DLT FSS contract appears to have included only two approved line items for BDNA software. These items, as listed in the on-line database GSA Advantage!, are a single-user license priced at $55.92 and a BDNA "Maintenance" item at a price of $11.18. There is no approved line item on DLT's FSS contract to purchase an Enterprise Agreement for BDNA software or an activity-wide maintenance contract. Line item 0005A is apparently subject to a statement of work ("SOW") with enterprise license agreement terms and conditions and maintenance support agreement, neither of which appear to be part of the approved BDNA license and maintenance items approved on the DLT contract.

3. There are therefore substantial, material differences between the limited BDNA software and maintenance offering approved for sale on the DLT FSS contract and the complex, seven-figure Enterprise Agreement and support contract bestowed by the Navy upon BDNA without competition.

4. Because the BDNA Enterprise Agreement that the Navy sought to purchase under Modification P00008 was not an approved FSS item, the Navy was required to conduct a formal competition subject to the requirements of the Competition in Contracting Act ("CICA").

5. Furthermore, on information and belief, the Navy issued Modification P00008 ordering the Enterprise Agreement and valued at $1.26 million without soliciting any other contractors to compete in violation of Section 803 of the fiscal year 2002

Defense Authorization Act (Pub. L. No. 107-107), which requires agencies to provide fair notice of intent to as many FSS contractors as practicable for orders exceeding $100,000 in order to ensure that offers are received from at least three contractors that can fulfill the requirements.

6. Additionally, the Navy issued Modification P00008 as a modification to a delivery order that had apparently concluded in June 2006. The contract is therefore no longer in existence and cannot be modified to order an Enterprise Agreement thereby avoiding the full and open competition requirements of CICA.

7. These actions of the Navy led to a procurement process that was not conducted in accordance with applicable law and regulation.

8. The Defendants will not be harmed by the issuance of a preliminary injunction.

9. The issuance of a preliminary injunction will preserve the status quo and protect both the Plaintiff's and the public's interest in the integrity of the procurement system.

10. Plaintiff is likely to succeed on the merits of this action, and if denied a preliminary injunction, will have no adequate remedy at law.

11. On October 10, 2007, Plaintiff gave Defendants notice of intention to file this application and motion.

WHEREFORE, Plaintiff, Eracent, requests this Court to issue a preliminary injunction in accordance with the proposed Order.

Respectfully submitted,

for G. Matthew Koehl by Victor J. Vogel

G. Matthew Koehl
William A. Shook
V. Greg Vogel

Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1601 K. Street N.W.
Washington, D.C. 20006
Tel: (202) 236-1487
Fax: (202) 778-9100

Date: October 12, 2007